ORIGINAL

1  Lenore L. Albert, Esq.  SBN 210876
2  LAW OFFICES OF LENORE ALBERT
   7755 Center Avenue, Suite #1100
3  Huntington Beach, CA 92647
   Telephone (714) 372-2264
4  Facsimile (419) 831-3376
   Email: lenorealbert@msn.com
5
   Attorney for Plaintiffs, ROBERT BREWER, an individual, DEBORAH BREWER, an
6  individual
7
8
9  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFONIA**
10

11  ROBERT BREWER, *an individual,*        CASE NO. CV 13 - 00347 DMG (VBKx)
    DEBORAH BREWER, *an individual,*
12                                          **VERIFIED COMPLAINT**

13                      Plaintiffs,
    vs.
14
15  WELLS FARGO BANK, N.A.; and
    DOES 1-10, inclusive,
16                      Defendants.
17

18      PLAINTIFFS, ROBERT BREWER and DEBORAH BREWER, individually

19  bring this action against defendant WELLS FARGO BANK for conducting its business

20  practice in a deceptive manner as alleged herein.

21              **I.    VENUE**

22  1. The Court has subject matter jurisdiction over this action under 28 USC § 1332

23     wherein plaintiff is diverse from defendant.  Alternatively, federal question

24     jurisdiction exists under 28 USC §1331 based on the FDCPA violation.

25  2. The Court has personal jurisdiction over the defendants in this action by the fact

26     that the Defendants are conducting business in the state of California.

27  3. Venue is proper in this Court pursuant to 28 USC § 1392 because the action

28     involves real property located in the Central District of California; and pursuant to

1

VERIFIED COMPLAINT
*Brewer v Wells Fargo Bank, N.A.*

28 USC § 1391(b) because a substantial part of the events or omissions on which the claims are based occurred in this District.

## II. PARTIES

4. At all times mentioned herein, Plaintiffs Robert Brewer and Deborah Brewer are the title owner by way of a grant deed to the property duly recorded in the Los Angeles County Recorder's Office, more commonly known as 2215 Bayview Drive, Manhattan Beach, CA 90266 (hereinafter referred to as "The Premises") which is one of their two primary residences.

5. Plaintiffs are currently living at their Arizona residence until the pending foreclosure at the Manhattan Beach home is stopped.

6. Defendant Wells Fargo Bank, N.A. is a national banking association, with their principal place of business in California, has its principal place of business in San Francisco, California and regularly conducts business in the State of California. Wells Fargo Bank, N.A. is liable for Wells Fargo Home Mortgage's actions in this complaint on the grounds the latter is either the employee, agent, subsidiary, division, or branch of the former and had the authority to do all acts mentioned herein.

7. Plaintiffs do not know the true names and capacities of the defendants DOES 1 through 10, inclusive, and, as such, names said defendants by such fictitious names. Plaintiffs will amend the complaint to state the true name and capacity of the DOE defendant(s) when such information is ascertained.

8. Plaintiffs are informed and believe, and allege thereon, that each defendant is responsible in some manner for the occurrences alleged in their complaint, and that plaintiffs' damages were proximately caused by the defendants at all times mentioned in the complaint.

VERIFIED COMPLAINT
*Brewer v Wells Fargo Bank, N.A.*

9. Plaintiff is further informed and believes and alleges thereon that each defendant was the agent, servant, representative, and/or employee of their co-defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, representatives, and/or employees, and with the permission and consent of their co-defendants.

10. Additionally, plaintiff is informed and believes and alleges thereon that each defendant assisted, aided and abetted, adopted, ratified, approved, or condoned the actions of every other defendant and that each corporate defendant, if any, was acting as the alter ego of the other in the acts alleged herein.

11. Any applicable statutes of limitations have been tolled by the Defendants continuing, knowing, and active concealment of the facts alleged herein. Despite exercising reasonable diligence, Plaintiffs could not have discovered, did not discover, and were prevented from discovering, the wrongdoing complained of herein.

## III. FACTUAL ALLEGATIONS

12. In 2007, plaintiffs Robert Brewer and Deborah Brewer purchased a single-family residence more particularly known as 2215 Bayview Drive, Manhattan Beach, California 90266.

13. They put down $633,880.00 cash which was applied toward their purchase on August 23, 2007. Their current monthly mortgage payment obligation is $10,628.06 including impound as of April 1, 2012.

14. Shortly after the new principal and interest rate change that occurred on April 1, 2012, Mr. and Mrs. Brewer received a **"Pre-foreclosure Reinstatement Quote"** dated May 14, 2012 from Wells Fargo Home Mortgage representing that the "loan has been approved for commencement of foreclosure action." The letter informed them that they needed to "pay the delinquent amount in full of $25.00

by May 26, 2012" to Wells Fargo's San Antonio office in order to "resolve the delinquency." (**Exhibit A**)

15. Mr. Brewer submitted a cashier's check to Wells Fargo Home Mortgage in the amount of $25.00 on May 21, 2012 to resolve the delinquency. Wells Fargo Home Mortgage received and accepted the check. (**Exhibit B**)

16. A few weeks later Mr. and Mrs. Brewer received another "Pre-foreclosure Reinstatement Quote" dated June 6, 2012 from Wells Fargo Home Mortgage representing that the "loan has been approved for commencement of foreclosure action." The letter informed him that he needed to "pay the delinquent amount in full of $439.62 by June 18, 2012" to Wells Fargo's San Antonio office in order to "resolve the delinquency."

17. Plaintiff then received a June 15, 2012 letter stating that they had $1,368.86 in unapplied funds in their account and had a series of late charges so there was a "Total Balance Due" of $439.62.

18. Plaintiffs were confused so they called the phone number on the letter and the customer service representative who answered, informed them that if they sent in a personal check or cashier's check amounting to $439.62 to Wells Fargo their account would be in good standing.

19. Mr. Brewer then sent in two checks to Wells Fargo Home Mortgage dated June 25, 2012: one in the amount of $439.62 and the other in the amount of $10,668.99 believing that was their monthly mortgage obligation. (**Exhibit C**)

20. Wells Fargo cashed the check in the amount of $439.62 and returned the check in the amount of $10,668.99.

21. Mr. Brewer immediately telephone Wells Fargo and they represented that the check for $10,668.99 was insufficient and they refused to take any partial payments on the account.

22. Mr. Brewer was assigned to a single point of contact with Wells Fargo Home Mortgage. Her name was America Velasquez.

23. Mr. Brewer tried calling Ms. Velasquez many times, but he could never reach her. His call was simply sent to voicemail.

24. On July 16, 2012 Christopher Smith, VP of Loan Documentation for Wells Fargo Bank, N.A. declared under penalty of perjury that "the Beneficiary tried with due diligence but was unable to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code Section 2923.5."

25. This declaration was attached to the Notice of Default at issue and both were recorded in the Los Angeles County Recorder's office as represented by the copy mailed to Mr. Brewer on September 24, 2012.

26. The declaration was incorrect about Wells Fargo inability to contact the Brewer family. Wells Fargo Home Mortgage had Mr. Brewer's correct phone number and had called him from time to time in order to verify his information. But they were never able to connect him to America Velasquez.

27. Mr. Brewer was never given Christopher Smith's phone number and Christopher Smith was not his assigned point of contact. There was no phone number placed in the declaration in order for Mr. Brewer to contact Christopher Smith.

28. The thirty days preceding the declaration signed by Christopher Smith, Mr. Brewer was desperately trying to get ahold of his assigned Home Preservation Specialist, America Velasquez at 1-877-371-9962 extension 84384 but she was never there to take his calls and refused to return them.

29. More specifically, Mr. Brewer called America Velasquez at 1-877-371-9962 extension 84384 on

- June 18, 2012

- June 27, 2012
- July 6, 2012
- July 11, 2012
- July 19, 2012
- July 24, 2012
- August 9, 2012
- August 21, 2012
- August 30, 2012
- September 6, 2012
- September 18, 2012
- September 21, 2012
- September 28, 2012
- October 8, 2012
- October 23, 2012
- November 6, 2012
- November 15, 2012

30. Mr. Brewer received a Notice of Sale executed on December 17, 2012 informing him that defendant intended to sell his home on January 16, 2013 so Mr. Brewer retained the Ayayo Law Offices located at 940 South Coast Drive, Suite 100, Costa Mesa, California to help him.

31. The Law Office informed Mr. Brewer that they faxed Wells Fargo's Office of the President (Fax No. 866-278-1179) on December 31, 2012 informing Wells Fargo that they were retained to assist Mr. Brewer and requesting an assignment to a point of contact with the Office of the President.

32. The letter sent to Wells Fargo underscored the fact that "the home securing this loan has a foreclosure sale date of January 16, 2013."

33. A second fax was sent to Wells Fargo on January 3, 2013 requesting a point of contact and informing Wells Fargo of the potential intent to file a lawsuit.

34. Mr. Brewer followed up with Ayayo Law Offices who informed him that they left three different messages for three different workers at the Offices of Executive Complaints at Wells Fargo and were still waiting for a response by January 4, 2013.

35. Mr. Brewer received a fax dated January 9, 2013 from Julie Mullins on Wells Fargo Home Mortgage letterhead requesting Mr. Brewer to fill out a "financial packet" and return it by January 11, 2013.

36. The letter warned that Ms. Mullins anticipated she would not be able to provide a resolution until January 23, 2013 and "all normal collection activities, including the foreclosure process (would) continue until arrangements have been approved and a signed has been returned."

37. January 23, 2013 was one week past the date set for sale of Mr. Brewer's home.

38. Nevertheless, Mr. Brewer filled out the financial packet and returned the requested information to Wells Fargo by January 11, 2013.

39. However, Wells Fargo has not approved any arrangements to postpone the foreclosure sale set for January 16, 2013.

40. Wells Fargo erroneously sold the Brewer home previously at a foreclosure auction.

41. On September 24, 2010 Wells Fargo erroneously sold Mr. and Mrs. Brewer's home to a Beverly Hills attorney and had to rescind the sale.

42. The Brewers did not learn of the sale until someone had moved into the property.

7

VERIFIED COMPLAINT

*Brewer v Wells Fargo Bank, N.A.*

43. Accordingly, a present controversy exists as to whether the defendants have the lawful right to proceed to sale on January 16, 2013.

44. The defendants created this pattern of foreclosure on this home by the type of loan they presented to the Brewers.

45. The Brewers were given a pick-a-payment loan with Wachovia but was never a party or member of the Wachovia pick-a-payment settlement.

46. The brokers also offered the Brewers a loan of $5,789.52 per month in the closing statement, then as a bait and switch, pushed them into signing the pick-a-payment Note with an initial monthly payment of $6,880.43.

47. The copies retained by the borrowers do not contain all of the required disclosures under TILA such as the Three Day Rescission Notice and Credit Scores.

48. The pick-a-payment loan option is predatory and abusive on the grounds that it creates negative amortization by paying the minimum payment on the loan without fully disclosing these terms in plain language to the borrower or their effect.

49. There is no explanation why they received a pick-a-payment loan on the grounds the Brewers had good credit at the time they obtained this $1.8 million dollar loan.

50. Mr. Brewer's loan was modified from $6,880.43 per month to $8,952.00 per month in 2012. As part of the modification his payments were set up to be automatically withdrawn from one of his accounts.

51. In February 2012 Mr. Brewer suffered from a cardiac event.

52. He had to undergo an angiogram then his doctored advised restricted activities to bed rest for several months thereafter.

53. Consequently, his marketing business suffered a brief loss in income.

54. His modified loan was set up wherein the monthly mortgage payments were automatically deducted from his checking account.

55. This is why he telephoned to confirm with Wells Fargo in June 2012 that the Pre-foreclosure Notices he was receiving were giving a total amount for a cure and reinstatement of his loan.

56. When the check was returned to him on the grounds it was a partial payment, he tried to call Ms. Velasquez above to no avail to get his account straightened out.

57. Plaintiff is informed and believes and alleges thereon that the Pre-foreclosure Notices were unfair and deceptive attempts to collect a debt.

## FIRST CAUSE OF ACTION
### Violation of 15 USC §1692e
### (Against All Defendants and Does 1 through 10)

58. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 57 above as though fully set forth herein.

59. Wells Fargo used false, deceptive, and/or misleading representation or means in connection with the collection of its debt from plaintiffs in this case in the May 21, 2012 letter to wit:

60. By stating the collection letter from Wells Fargo Home Mortgage was a "Pre-foreclosure Reinstatement Quote" from Wells Fargo Home Mortgage representing that the "loan has been approved for commencement of foreclosure action," the pre-foreclosure notices used a false representation or deceptive means to collect or attempt to collect a debt from the plaintiff for charges other than the principal or interest on the Brewer loan while the Brewer loan was already in default.

9
VERIFIED COMPLAINT
*Brewer v Wells Fargo Bank, N.A.*

61. By stating plaintiffs needed to "pay the delinquent amount in full of $25.00 by May 26, 2012" to Wells Fargo's San Antonio office in order to "resolve the delinquency."

62. The pre-foreclosure reinstatement quote was a false representation or deceptive means to collect or attempt to collect a debt from the plaintiffs for servicing charges that did not include payments for principal or interest on the loan.

63. These statements were misrepresentations and deceptive on the grounds they led the plaintiffs to believe that if they made this payment, any and all defaults on their loan would be cured by using the term "reinstatement" in the title of the notice.

64. The plaintiffs believed it meant the loan was in default by $25.00 in May 2012 and the loan would be reinstated if payment was received in the amount of $25.00.

65. The plaintiffs were shocked when defendant rejected plaintiff's mortgage payment check for $10,688.99 later in June 2012 on the grounds that Wells Fargo Home Mortgage had already promised to reinstate the loan for $25.00.

66. Plaintiff is informed and believes and alleges thereon that it is Wells Fargo's practice to block further payments from a Borrower after collecting money on the Pre-foreclosure Reinstatement Quotes and to institute foreclosure proceedings.

67. This was a false representation of the character, amount, or legal status of the debt owed by the plaintiffs.

68. Plaintiffs tried calling their assigned home retention specialist, America Velasquez many times from June 2012 through November 2012 without one single response.

69. As a result of this activity, plaintiffs' loan went into default and they became emotionally distressed. It was hard for them to concentrate or sleep. It caused family discourse and stress; headaches, nausea, nervousness, anxiety, frustration and added stress.

70. As a result, Wells Fargo is strictly liable for violating 15 USC §1692e.

## SECOND CAUSE OF ACTION

### Violation of 15 USC §1692f

### (Against All Defendants and Does 1 through 10)

71. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 70 above as though fully set forth herein.

72. Wells Fargo collected the above-alleged amount of $25.00 which was a late fee or other charge incidental to the principal obligation which was not expressly authorized by the agreement creating the debt or permitted by law.

73. As a result, Wells Fargo is strictly liable for violating 15 USC §1692f.

## THIRD CAUSE OF ACTION

### Violation of Cal Civ Code §2923.5 et seq

### (Against All Defendants and Does 1 through 10)

74. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 73 above as though fully set forth herein.

75. Defendant failed to comply with Cal Civ Code §2924 which requires defendant and/or their agents to first comply with Cal Civil Code §2923.5 as a condition precedent to initiating a nonjudicial foreclosure by invoking a power of sale clause in the Deed of Trust.

76. On or about September 24, 2012 a Notice of Default was recorded that did not comply with California Civil Code §2923.5 in that the declaration attached to the

Notice of Default did not correctly and accurately attest to the fact that Wells Fargo Home Mortgage was able to contact the borrower to initiate or explore alternatives to foreclosure with Mr. and Mrs. Brewer at least 30 days before recording the notice of default but that Wells Fargo Home Mortgage refused to do so.

77. Wells Fargo had a duty to comply with California Civil Code §2923.5 by initiating and exploring alternatives to foreclosure, prior to recording a Notice of Default, to wit:

    a. Inform plaintiff of their options to avoid foreclosure,

    b. Inform plaintiff of their right to conduct an in person meeting to review their financial information,

    c. Inform plaintiff of their right to appoint an authorized agent to appear at this meeting,

    d. Provide plaintiff with a HUD Counseling toll free number, and

    e. File the appropriate declaration with the County Clerk Recorder's office that accurately described the true facts as to each of the named defendants' lack of due diligence.

78. As more particularly described above, Wells Fargo did not initiate or explore alternatives to foreclosure with the plaintiff prior to the Notice of Default that was recorded on the property placing the plaintiff in imminent foreclosure on or about September 24, 2012.

79. Wells Fargo failed to comply with California Civil Code §2923.5 by failing, prior to recording a Notice of Default, to:

    a. Inform plaintiff of his options to avoid foreclosure,

    b. Inform plaintiff of his right to conduct an in person meeting to review their financial information,

VERIFIED COMPLAINT
*Brewer v Wells Fargo Bank, N.A.*

    **c.** Inform plaintiff of his right to appoint an authorized agent to appear at this meeting,

    **d.** Provide plaintiff with a HUD Counseling toll free number, and

    **e.** File the appropriate declaration with the County Clerk Recorder's office that accurately described the true facts as to each of the named defendants' lack of due diligence.

80. Plaintiffs tried calling America Velasquez over one dozen times and could not get in contact with her to discuss their options, contrary to the declaration made that was attached to the Notice of Default.

81. Plaintiffs are ready, willing, and able to work out a solution in order to avoid foreclosure, but the bank has to stop returning their checks and accept their payments in order to make that happen.

82. As a result of defendant's violation, defendant prematurely foreclosed on the plaintiff's home. Plaintiffs are entitled to injunctive relief, attorneys fees and costs as a result.

83. Plaintiff has also been damaged by defendant's failure to comply with California Civil Code §2923.5 and seek the remedy as provided by statute, including attorney's fees and costs.

Wherefore plaintiff demands judgment against defendants as set forth below.

## FOURTH CAUSE OF ACTION

### Violation of Cal Civ Code §2923.7 et seq

### (Against All Defendants and Does 1 through 10)

84. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 83 above as though fully set forth herein.

85. Plaintiff called Wells Fargo Home Mortgage seeking an alternative to foreclosure.

86. Wells Fargo had a duty to comply with California Civil Code §2923.7 by assigning a single point of contact to the plaintiff that had enough time to directly communicate with the plaintiffs and provide them with the following:

(1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.

(2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.

(3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.

(4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.

(5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

87. The plaintiffs telephoned America Velasquez to discuss alternatives to the foreclosure on:

88. Mr. Brewer called America Velasquez at 1-877-371-9962 extension 84384 on

- June 18, 2012
- June 27, 2012
- July 6, 2012
- July 11, 2012
- July 19, 2012

14
VERIFIED COMPLAINT
*Brewer v Wells Fargo Bank, N.A.*

- July 24, 2012
- August 9, 2012
- August 21, 2012
- August 30, 2012
- September 6, 2012
- September 18, 2012
- September 21, 2012
- September 28, 2012
- October 8, 2012
- October 23, 2012
- November 6, 2012
- November 15, 2012

89. However, each of their calls were directed to voicemail.

90. They left messages but did not receive a return call from America Velasquez.

91. Plaintiffs were never able to contact America Velasquez, Wells Fargo's single point of contact that they assigned to the Brewer loan and as such: the failure to directly communicate with the plaintiffs placed them in imminent foreclosure on or about September 24, 2012 and heading for a sale on January 16, 2013 causing great emotional distress.

92. As a result of defendant's violation, defendant prematurely foreclosed on the plaintiff's home.

93. Plaintiff has been damaged by defendant's failure to comply with California Civil Code §2923.7 and seek the remedy as provided by statute, including attorney's fees and costs.

94. Plaintiffs are further entitled to injunctive relief, costs and attorney fees.

Wherefore plaintiff demands judgment against defendants as set forth below.

15

VERIFIED COMPLAINT

*Brewer v Wells Fargo Bank, N.A.*

## FIFTH CAUSE OF ACTION

### Violation of Cal Business & Professions Code §17200

### (Against All Defendants and Does 1 through 10)

95. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 94 above as though fully set forth herein.

96. Business & Professions Code §17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business & Professions Code" and reaches past and one-time acts. *Id. See also, Stop Youth Addiction, Inc. v Lucky Stores, Inc.*, 17 Cal4th 553, 570 (1998).

97. This claim is brought on behalf of the plaintiffs and all other Borrowers similarly situated.

98. Beginning at an exact date unknown to plaintiff but at least in the past four years, Wells Fargo Bank has committed acts of unfair competition, as defined by Business & Professions Code §17200, by engaging in the following practices:

   a. Wells Fargo's policy/practice of providing America Velasquez as a single point of contact when Wells Fargo knows or had reason to know America Velasquez did not have the capacity to directly communicate with each borrower assigned to her as required, leaving borrowers without any help on their loans while facing foreclosure for months on their loan in violation of Cal Civ Code §2923.7 as more particularly described in that cause of action above, and consequently, constitutes an unlawful business act or practice *within* the meaning of Business & Professions Code §17200.

   b. Wells Fargo's policy/practice of providing a person other than the plaintiff's single point of contact, America Velasquez, as a declarant to

16
VERIFIED COMPLAINT
*Brewer v Wells Fargo Bank, N.A.*

state they were unable to contact the borrower to discuss alternatives to foreclosure when they were not even the assigned single point of contact, had no knowledge, and the declaration was not correct or accurate in violation of Cal Civ Code §2923.5 as more particularly described in that cause of action above, and consequently, constitutes an unlawful business act or practice *within* the meaning of Business & Professions Code §17200.

c. Wells Fargo's policy/practice of failing to honor their own "Pre-foreclosure Reinstatement Quotes" to borrowers in default by failing to reinstate the loan after the payments demanded are made, in order to collect other charges incidental to the principal obligation, like the Pre-Foreclosure Reinstatement Quotes sent to plaintiff in the amount of $25.00 on May 21, 2012 violated 15 USC §1692f as more particularly described in that cause of action above, and consequently, constitutes an unlawful business act or practice *within* the meaning of Business & Professions Code §17200.

d. Wells Fargo's policy/practice of foreclosing after a borrower makes all payments in accord with the "Pre-foreclosure Reinstatement Quote" it sent to the borrowers in default and failing to accurately disclose what charge the "delinquency" was violated 15 USC §1692e as more particularly described in that cause of action above, and consequently, constitutes an unlawful business act or practice *within* the meaning of Business & Professions Code §17200.

e. Wells Fargo has represented, when the borrower failed to make the payment quoted in the Preforeclosure Reinstatement Quote that the amount would have cured the entire default. (See, April 6, 2012 Declaration of Michael Dolan, an Operations Analyst in Wells Fargo's

Mortgage Lending Operations located at 4101 Wiseman Blvd., San Antonio, Texas).

f. Plaintiff is informed and believes and alleges thereon that if a borrower pays the amount listed in the Reinstatement Quote, then Wells Fargo will send another Reinstatement Quote the following month asking for another charge incidental to the principal obligations to be paid and in this way it is able to obtain payment of the incidental charges on a loan that is in default. If the borrower fails to pay the incidental charges first, defendant simply blocks the borrower from making any payment at all.

g. Defendant never warned or cautioned the consumers that the notice was only seeking collection of incidental collateral charges on the loan and that it would not affect the default on any principal obligations currently outstanding, including the commencement or continuation of foreclosure.

99. The harm to plaintiff and to members of the general public outweighs the utility of defendant's policy/practice, and consequently, Wells Fargo's practice of issuing such letters/advertisements without full disclosure or warnings as described above constitutes an unfair business act or practice within the meaning of Business & Professions Code §17200.

100. Wells Fargo's policy/practice of issuing notices of the identity of creditors without actually performing any due diligence to determine the veracity of those statements is likely to mislead the general public, and consequently, constitutes a fraudulent business act or practice within the meaning of Business & Professions Code §17200.

101. The unlawful, unfair, and fraudulent business practices and false and misleading advertising of Bank of America, as described above, present a continuing threat to members of the public in that it gives a false reassurance to a

reasonable person in foreclosure that Bank of America is in contact with the true creditor of the loan when the bank is processing a loan modification application or otherwise assisting the borrower in preventing foreclosure, when in fact Bank of America knows or has reason to know it has no knowledge of who the creditor really is at any given point in time.

102.    As a result of the aforementioned acts, plaintiff and Class members have lost money or property and suffered injury in fact.

103.    Finally, stopping this practice furthers the public interest. The Brewers are therefore entitled to reasonable attorney's fees under section 1021.5 of the California Code of Civil Procedure.

Wherefore plaintiff demands judgment against defendants as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray for judgment** against defendants, and each of them, as follows:

**A.**    Enjoin the defendants from foreclosing on the Brewers' home;

**B.**    Declaratory and injunctive relief;

**C.**    Pursuant to Business and Professions Code §17203, that all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in violation of §17200, including, but not limited to, the violations alleged herein.

**1.**    Specifically, disgorging any profit made from this practice by mandating said defendants remove the foreclosure and default from the loans of all borrowers similarly situated, curing the default, reinstituting the loan and waiving all late charges, costs or other charges and fees regardless of the amount actually placed in the Pre-foreclosure Reinstatement Quote so long as said payment was made and Wells Fargo accepted and cashed the payment.

**D.**    Actual, Special and General Damages as proven at trial;

**E.**    Statutory damages and civil penalties;

19
VERIFIED COMPLAINT
*Brewer v Wells Fargo Bank, N.A.*

**F.**   Rescission and Disgorgement of profits;

**G.**   Costs of this action, including the fees and costs of experts;

**H.**   Attorneys' fees;

**I.**   Prejudgment interest at the statutory rate;

**J.**   Post-judgment interest;

**K.**   Exemplary and Punitive Damages; and

**L.**   Such other and further relief as this Court finds necessary and proper.

## DEMAND FOR JURY TRIAL ON NON EQUITABLE CLAIMS

Plaintiffs hereby demand a jury trial.

Dated: January 14, 2013

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT

/s/ Lenore Albert
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs Robert Brewer and
Deborah Brewer

20
VERIFIED COMPLAINT
*Brewer v Wells Fargo Bank, N.A.*

**VERIFICATION**

I am the plaintiff in this action; the foregoing complaint is true of my knowledge, except as to the matters stated in it on my information or belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California and federal law of the United States of America that the foregoing is true and correct.

Dated: January 14, 2013

ROBERT BREWER

I am the plaintiff in this action; the foregoing complaint is true of my knowledge, except as to the matters stated in it on my information or belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California and federal law of the United States of America that the foregoing is true and correct.

Dated: January 14, 2013

DEBORAH BREWER

21
VERIFIED COMPLAINT
*Brewer v Wells Fargo Bank, N.A.*

**EXHIBIT A**



297

May 14, 2012

Loan Number: ____6439

## PRE-FORECLOSURE REINSTATEMENT QUOTE



M9DLRLDTKI 000147
Charles R Brewer
Deborah M Brewer
Suite 360
5050 N 40th St Suite 360
Phoenix, AZ 85018 0000

Property Address: 2215 Bayview Dr,
                  Manhattan Beach CA 90266

Dear Charles R Brewer and Deborah M Brewer :

Your loan has been approved for commencement of foreclosure action
which may cause you to lose your property and any owner's equity.

There is still time to resolve the delinquency on the above
referenced loan; options include:

1.  Pay the delinquent amount in full of $ 25.00 by
    May 26, 2012.  This amount plus any subsequent amounts that
    come due must be received at the San Antonio office no later than
    5:00 p.m., Central Time.  Only certified funds (cashier's check,
    certified check or money order) will be accepted to reinstate
    this loan.  All personal and/or business checks will be returned.
    If lesser funds are received, they may be accepted, but will be
    accepted only as a partial payment and will not be sufficient to
    cure the default.  You may pay $ 25.00 by certified
    funds by mail or wire to:
    Mail:                                Wire:
    Wells Fargo Home Mortgage            Wells Fargo Home Mortgage
    Attn: Cashiering Dept T7416-023      ABA/RT: _____
    PO Box 659568                        Account No.: _____
    San Antonio, TX 78265-9568           Reference Loan Number _____

                                                              PAID
                                                              5/21/12

2.  Contact us immediately at 1-888-345-1337 to discuss assistance
    options, including payoff options if you have your property listed
    for sale and cannot sell it for enough to pay Wells Fargo Home
    Mortgage's loan in full.

You may have contacted Wells Fargo Home Mortgage for a modification.
This notice does not impact the modification review process and the
loan will still be considered for a modification.

FP002 046 VB2

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

0000001044 L11740

M9DLRLDTKI 000147 NNNNNNNNNNNN NNN 001 002                1028 01081.1

**WELLS FARGO**

Charles R Brewer
Deborah M Brewer
0046876439
May 14, 2012
Page 2

If you made a promise to pay by a certain date, and the promise to pay
is fulfilled, please disregard this notification. If you are unable to
make the full promised payment in good funds, on or before 5:00 p.m.
Central Time, on the promised date; or if there is a violation of any
other terms of the Security Instrument, this notice will remain in full
force and effect.

To contact a HUD-certified housing counseling agency call 800-569-4287.
If you do not take action by May 26, 2012, Wells Fargo Home
Mortgage may refer your loan for a foreclosure action. Your
immediate attention to this matter is critical to avoid any fees and
costs that may be incurred as a result of a foreclosure action, which
may include attorney fees and/or trustee fees as provided by your
Note and Security Instrument.

You may contact us at 1-888-345-1337, Monday through Friday, 8:00 a.m.
to 10:00 p.m., and Saturday, 8:00 a.m. to 5:00 p.m., Central Time, for
assistance. You may also visit our website at wellsfargo.com.

Collections Department

Please be advised that Wells Fargo Home Mortgage may be attempting to
collect a debt and any information obtained may be used for that
purpose. If you are currently in bankruptcy or your debt has been
discharged in bankruptcy, Wells Fargo Home Mortgage is exercising its
rights against the property and is not attempting to hold you personally
liable on the Note. We may report information about your account to
credit bureaus. Late payments, missed payments, or other defaults on
your account may be reflected in your credit report.

Please be advised that payment in accordance with this notice may
not be sufficient to cure all defaults. Unless all defaults are
cured, foreclosure proceedings may continue.

With respect to loans secured by property located in the State of
California, the state Rosenthal Fair Debt Collection Practices Act and
the federal Fair Debt Collection Practices Act require that, except
under unusual circumstances, collectors may not contact you before
8 a.m. or after 9 p.m. They may not harass you by using threats of
violence or arrest or by using obscene language. Collectors may not use
false or misleading statements or call you at work if they know, or have
reason to know, that you may not receive personal calls at work. For
the most part, collectors may not tell another person, other than your
attorney or spouse, about your debt. Collectors may contact another
person to confirm your location or enforce a judgment. For more
information about debt collection activities, you may contact the
Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov

FP002 046 VB2

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

0000 001044 L-11740

**EXHIBIT B**

# CHASE 

Keep this receipt as a record of your purchase.

FOR YOUR PROTECTION SAVE THIS COPY

**CASHIER'S CHECK**

**Customer Copy**

~~Arizona~~ 05/21/2012

**Arizona**

**Remitter**   CHARLES ROBERT BREWER

**Pay To The Order Of**   WELLS FARGO HOME MORTGAGE
REF: ████76439

$ ************25.00 ***

Drawer: **JPMORGAN CHASE BANK, N.A.**
NON NEGOTIABLE

TERMS

KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

**EXHIBIT C**

999994

91-2
1221    108

PAY TO THE
ORDER OF _Wells Fargo Home Mortgage_   DATE _6/25/12_  $ _10,668.99_

_Ten Thousand & Six Hundred & Sixty eight_ DOLLARS /100

CHASE O
JPMorgan Chase Bank, N.A.
www.Chase.com

FOR _# ~~XXXXXX~~ 6439_   _Chlee_

0000046876439001062806005495492005539454000000000000000000000000000000083959

Loan Number: ~~XXXXXX~~ 6439

Name: CHARLES R BREWER
      DEBORAH M BREWER
      SUITE 360

WELLS FARGO HOME MORTGAGE
PO Box 60505
City of Industry CA 91716-0505

Our latest attempt to withdraw from
your Deposit account to make your
loan payment was not successful.
Your payment is now past due. Please
send in the payment with this coupon.

| | |
|---|---|
| Payment Due Date: | ******** |
| Payment Amount: | 10,668.99 |
| Additional Amount to go to Principal/Deferred Interest: | |
| Total Amount Enclosed: | |
| To avoid a Late Charge of please ensure payment is received by 06/16/12 | 439.62 |

For change of address or phone number,
check the box and enter new information
on reverse side.  ☐

I:552804 204I:5 8 200468 76439I⁰  5 82