Lenore L. Albert, Esq.   SBN 210876
LAW OFFICES OF LENORE ALBERT
7755 Center Avenue, Suite #1100
Huntington Beach, CA 92647
Telephone (714) 372-2264
Facsimile (419) 831-3376
Email: lenorealbert@msn.com

Attorney for Plaintiffs, ROBERT BREWER, an individual, DEBORAH BREWER, an individual

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFONIA

| | |
|---|---|
| ROBERT BREWER, *an individual,* DEBORAH BREWER, *an individual,*<br><br>      Plaintiffs,<br>vs.<br><br>WELLS FARGO BANK, N.A.; and DOES 1-10, inclusive,<br>      Defendants. | CASE NO.   13-cv-00347-DMG (VBK)<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**<br><br>Date: March 29, 2013<br>Time: 11:00AM<br>Courtroom: 7 |

# TABLE OF CONTENTS

I. MATERIAL FACTUAL ALLEGATIONS ........................................................1

II. LAW ...........................................................................3

III. LEGAL ARGUMENT ..........................................................5

   A. Wells Fargo Acquired the Debt As a Mortgage Servicer After the Debt was Already in Default So It Can Be Held Liable for Violating the FDCPA .........................................................5

   B. The Complaint Adequately Puts Defendant on Notice that Plaintiff Alleges Defendant Failed to Comply with the Perrata Act Cal Civ Code §2923.5 ......................................................10

   C. The Complaint Adequately Puts Defendants on Notice that Plaintiff Alleges Defendant Failed to Comply with SPOC Requirements of Cal Civ Code §2923.7 .......................................................12

   D. Defendant Business Practices Were Either Unlawful, Unfair or Fraudulent as Alleged ......................................................14

      1. Plaintiff has Adequately Alleged Injury in Fact .....................................17
      2. The UCL does Not Require Tender........................................18

   E.   Leave To Amend.........................................................19

IV. CONCLUSION ...........................................................19

ii

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*          *13-cv-00347 DMG (VBK)*

# TABLE OF AUTHORITIES

**Supreme Court Opinions**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ....................................................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................. 4

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*,
507 U.S. 163, 122 L. Ed. 2d 517 (1993) ................................................................. 3

*United States v. Matlock*, 415 U.S. 164, 39 L. Ed. 2d 242 (1974) ..................... 7, 8

**Ninth Circuit Opinions**

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008) .................... 17

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ............. 19

*Johnson v. Gen. Mills, Inc.*, 275 F.R.D. 282 (C.D. Cal. 2011) ........................... 18

*Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007) ........ 16

*Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943 (9th Cir. 2009) ................... 4

*Resort Car Rental Sys., Inc. v. FTC*, 518 F.2d 962 (9th Cir. 1975) .................... 17

*Rubio v. Capital One Bank*, 613 F.3d 1195 (9th Cir. 2010) ................................ 16

*St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*,
536 F.3d 1049 (9th Cir. 2008) ................................................................................. 4

*Summit Tech., Inc. v. High-Line Med. Instruments Co.*,
933 F. Supp. 918 (C.D. Cal. 1966) ....................................................................... 15

*Sw. Marine, Inc. v. Triple a Mach. Shop, Inc.*, 720 F. Supp. 805 (N.D. Cal. 1989) 15

**California State Opinions**

*Boschma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230 (2011) ................... 18

*Californians for Disability Rights v. Mervyn's, L.L.C.*, 39 Cal.4th 223 (2006) .... 13

*Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394 (2006) ..................... 16

*Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138 (2005)............................ 4

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999) ........ 15

*Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197 (1983) 17

*Dimock v. Emerald Properties*, 81 Cal.App.4th 868 (2000).................................. 19

iii

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                    *13-cv-00347 DMG (VBK)*

*Douglas Aircraft Co. v. Cranston*, 58 Cal. 2d 462 (1962) ........................... 14

*Elsner v. Uveges*, 34 Cal. 4th 915 (2004) ........................................ 13

*Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499 (1997)..................... 16

*Jolley v. Chase Home Fin., L.L.C.*, 213 Cal. App. 4th 872 (2013) ............... 14, 19

*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) ....................... 18

*Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89 (2011) ........................... 19

*Mabry v Superior Court*, 185 Cal.App.4th 208 (2010.......................... 19

*Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735 (1980) ................. 15

*Reese v. Wal-Mart Stores, Inc.*, 73 Cal. App. 4th 1225 (1999) .................. 15

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861 (1999) 16

*Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144 (2000) ......................... 17

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553 (1998) ........... 15

*Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158 (2002) .......... 15

*Wilner v. Sunset Life Ins. Co.*, 78 Cal. App. 4th 952 (2000) ..................... 15

**Other Federal Opinions**

*Bridge v Ocwen Fed. Bank*, 2012 WL 1470146 (6th Cir. Aprl 30, 2012)............. 6

*Gburek v Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010)........................ 9

*Harman v Meridan Fin. Servs. Inc.*, 191 F.Supp.2d 1031, 1044 (WD Wis. 2002)  6

*Maxwell v Fairbanks Capital Corp.* (In re *Maxwell*), 281 B.R. 101
(2002, BC DC Mass) ......................................................... 9

*Schlosser v Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003) ................... 6

*Seriano v Wells Fargo Bank*, 2012 WL 1536065 (D. Hawaii Apr. 20, 2012)........ 8

*Turner v Lerner, Sampson & Rothfuss*, 776 F.Supp 2d 498 (ND Ohio 2011)........ 9

**Federal Statutes**

15 USC §1692e ............................................................. 6, 9

15 USC §1692f ........................................................... 6, 9, 10

**California Statutes**

California Bus & Prof Code §17200 ......................................... 15, 16

iv

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                         *13-cv-00347 DMG (VBK)*

California Civil Code §§ 51-51.4 ................................................................ 15

California Civil Code §2923.5 ............................................. 2, 11, 12, 18, 19

California Civil Code §2923.7 ........................................ 2, 12, 13, 14, 18, 19

California Civil Code §2924.12(a) .................................................................. 12

California Penal Code § 308 ........................................................................ 15

California Public Resources Code § 4511 ................................................... 16

**Other**

National Consumer Law Center, Fair Debt Collection §5:2.3 (7th Ed. 2011) ...... 11

v

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                    *13-cv-00347 DMG (VBK)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS & AUTHORITIES
## I.      MATERIAL FACTUAL ALLEGATIONS

In 2007, plaintiffs Robert Brewer and Deborah Brewer purchased a single-family residence more particularly known as 2215 Bayview Drive, Manhattan Beach, California 90266.  They put down $633,880.00 cash which was applied toward their purchase on August 23, 2007. Their current monthly mortgage payment obligation is $10,628.06 including impound as of April 1, 2012.  Shortly after the new principal and interest rate change that occurred on April 1, 2012, Mr. and Mrs. Brewer received a "**Pre-foreclosure Reinstatement Quote**" dated May 14, 2012 from Wells Fargo Home Mortgage representing that the "loan has been approved for commencement of foreclosure action." The letter informed them that they needed to "pay the delinquent amount in full of $25.00 by May 26, 2012" to Wells Fargo's San Antonio office in order to "resolve the delinquency."  Mr. Brewer submitted a cashier's check to Wells Fargo Home Mortgage in the amount of $25.00 on May 21, 2012 to resolve the delinquency. Wells Fargo Home Mortgage received and accepted the check.  A few weeks later Mr. and Mrs. Brewer received another "Pre-foreclosure Reinstatement Quote" dated June 6, 2012 from Wells Fargo Home Mortgage representing that the "loan has been approved for commencement of foreclosure action." The letter informed him that he needed to "pay the delinquent amount in full of $439.62 by June 18, 2012" to Wells Fargo's San Antonio office in order to "resolve the delinquency."

Plaintiff then received a June 15, 2012 letter stating that they had $1,368.86 in unapplied funds in their account and had a series of late charges so there was a "Total Balance Due" of $439.62.  Plaintiffs were confused so they called the phone number on the letter and the customer service representative who answered, informed them that if they sent in a personal check or cashier's check amounting to $439.62 to Wells

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**
*Brewer v Wells Fargo Bank, N.A..*                              *13-cv-00347 DMG (VBK)*

Fargo their account would be in good standing.  Mr. Brewer then sent in two checks to Wells Fargo Home Mortgage dated June 25, 2012: one in the amount of $439.62 and the other in the amount of $10,668.99 believing that was their monthly mortgage obligation.

Wells Fargo cashed the check in the amount of $439.62 and returned the check in the amount of $10,668.99. Mr. Brewer immediately telephone Wells Fargo and they represented that the check for $10,668.99 was insufficient and they refused to take any partial payments on the account.

Mr. Brewer was assigned to a single point of contact with Wells Fargo Home Mortgage. Her name was America Velasquez.  Mr. Brewer tried calling Ms. Velasquez many times (approximately one dozen times during 2012), but he could never reach her. His call was simply sent to voicemail.

On July 16, 2012 Christopher Smith, VP of Loan Documentation for Wells Fargo Bank, N.A. declared under penalty of perjury that "the Beneficiary tried with due diligence but was unable to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code Section 2923.5."  This declaration was attached to the Notice of Default at issue and both were recorded in the Los Angeles County Recorder's office as represented by the copy mailed to Mr. Brewer on September 24, 2012.

Plaintiffs alleged the declaration was incorrect about Wells Fargo inability to contact the Brewer family.  Wells Fargo Home Mortgage had Mr. Brewer's correct phone number and had called him from time to time in order to verify his information. But they were never able to connect him to America Velasquez.  Mr. Brewer was never given Christopher Smith's phone number and Christopher Smith was not his assigned

**2**
**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**
*Brewer v Wells Fargo Bank, N.A..*                    *13-cv-00347 DMG (VBK)*

point of contact. There was no phone number placed in the declaration in order for Mr. Brewer to contact Christopher Smith.  The thirty days preceding the declaration signed by Christopher Smith, Mr. Brewer was desperately trying to get ahold of his assigned Home Preservation Specialist, America Velasquez at 1-877-371-9962 extension 84384 but she was never there to take his calls and refused to return them.

Mr. Brewer received a fax dated January 9, 2013 from Julie Mullins on Wells Fargo Home Mortgage letterhead requesting Mr. Brewer to fill out a "financial packet" and return it by January 11, 2013.

The letter warned that Ms. Mullins anticipated she would not be able to provide a resolution until January 23, 2013 and "all normal collection activities, including the foreclosure process (would) continue until arrangements have been approved and a signed has been returned."  The letter also clearly stated that Wells Fargo was a debt collector attempting to collect a debt.

Nevertheless, Mr. Brewer filled out the financial packet and returned the requested information to Wells Fargo by January 11, 2013. When he could not get the sale date postponed while Wells Fargo considered his loss mitigation package, he sued for injunctive relief and damages.

Wells Fargo took over servicing the Brewer loan at some point on or after November 1, 2009 and at that point in time recorded a notice of default stating the loan was in default since July 2009. This was originally a World Savings Loan, an institution that went out of business.

## II.   LAW

First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                    *13-cv-00347 DMG (VBK)*

allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). "[n]on-conclusory factual allegations in the complaint must be treated as true, even if the allegations seem incredible." *Id.* "If that factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Id. (quoting Iqbal, 129 S.Ct. at 1949). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Id. "In reviewing the [motion] "we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." *Casey v. U.S. Bank Nat. Assn.,* 127 Cal. App. 4th 1138 (2005).

> In other words, the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Id*. In conducting the above analysis, a court must accept all factual allegations as true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. *Chasnik v Bank of America Home Loans Servicing, LP*, No. CV 11-01324 DMG (JCGx) (CD Cal 7/20/11).

"[S]o long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1057 (9th Cir. 2008)." "A complaint containing allegations that, if proven, present a winning case is not subject to

dismissal under 12(b)(6), no matter how unlikely such winning outcome may appear to the district court." *Balderas v Countrywide Bank, N.A.,* 10-55064 (9th Cir. 2011) at pg. 21517.

## III.   LEGAL ARGUMENT

### a.   Wells Fargo Acquired the Debt As a Mortgage Servicer After the Debt Was Already in Default So It Can Be Held Liable for Violating the FDCPA

The Fair Debt Collection Practices Act (FDCPA) offers potent remedies against abusive debt collection tactics such as fee padding, demands for incorrect amounts, and harassment.

At the outset, defendant contends that there is no liability under 15 USC §1692e or 15 USC §1692f on the grounds that Wells Fargo is not a debt collector.

Plaintiff contends that Wells Fargo is a "debt collector" as a servicer who acquired the debt after default under the Act.

The Act is applicable to some but not all servicers.  Defendant argues it is not liable as the servicer on the grounds it is collecting on "its own debt." But that allegation cannot be found anywhere in the complaint.  Moreover, the deed of trust does not state that the Brewers are obligated to Wells Fargo Home Mortgage.  The deed of trust lists World Savings Bank. Consequently, Wells Fargo's contention to the contrary is purely speculative and not plausible.

The key question is whether the servicer acquired the debt before or after it went into default. Wells Fargo did not acquire the debt until after the loan went into default.

"Default" is not defined by the FDCPA.  The fact that the creditor or servicer does not consider the loan to be in default is irrelevant. *Harman v Meridan Fin. Servs. Inc*., 191 F.Supp. 2d 1031, 1044 (WD Wis. 2002).  On the other hand, two circuit courts of appeals have held that, even though a debt was not actually in default when the servicer

obtained it, the FDCPA applied where the servicer treated it as in default. *Bridge v Ocwen Fed. Bank*, 2012 WL 1470146 (6th Cir. Aprl 30, 2012) (servicer is debt collector when it engages in collection activities on debt not actually owed); *Schlosser v Fairbanks Capital Corp*. 323 F.3d 534 (7th Cir.  2003) (servicer was debt collector under FDCPA where it treated debt as in default when it acquired it).

Here, Wells Fargo immediately treated the Brewer loan as a defaulted debt.

Wells Fargo implies that it obtained the Brewer loan for servicing on or about November 1, 2009.  To support this implication, defendant attached as Exhibit A to its Declaration in Opposition to the OSC re: Preliminary Injunction a compilation of documents to attempt to show this court that it became the servicer on or about November 1, 2009. (*See United States v. Matlock*, 415 U.S. 164, 39 L. Ed. 2d 242 (1974) Party opponent's declaration is admissible for any inference which trial court can reasonably draw from statement regarding any issues involved in case).

Almost immediately upon this acquisition date, Wells Fargo caused a Notice of Default to be executed and recorded on the Brewer residence on November 11, 2009 representing the Brewers were in default on the debt and owed "$31,677.59 as of November 11, 2009."

The Notice of Default further declared on page three (3) that the default had already occurred previously on July 15, 2009 before Wells Fargo acquired the loan.

So it is apparent from the record that Wells Fargo knew the loan was already in default when it acquired the debt.  [RJN]

This summation is consistent with Wells Fargo's admission to its status as a debt collector which is contained in the letter received by the Brewers from Wells Fargo dated January 9, 2013 and was already submitted to this court as part of the Ex Parte application on the temporary restraining order.

6

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                    *13-cv-00347 DMG (VBK)*

The Wells Fargo Home Mortgage letter drafted by Julie Mullins, Executive Mortgage Specialist for the Office of Executive Complaints, Wells Fargo Bank, N.A. used the word "collector" four times, the word "collect" one time, and the word "collection" three times in the notice giving their disclaimer as required under state and federal debt collection law.

> This communication is an attempt to **collect** a debt and any information obtained will be used for that purpose…
> With respect to those loans located in the State of California, the state Rosenthal Fair Debt **Collection** Practices Act and the federal Fair Debt **Collection** Practices Act require that, except under unusual circumstances, **collectors** may not contact you before 8 a.m. or after 9 p.m.  They may not harass you by using threats or violation or arrest or by using obscene language.  **Collectors** may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, **collectors** may not tell another person, other than your attorney or spouse, about your debt.  **Collectors** may contact another person to confirm your location or enforce a judgment.  For more information about debt **collection** activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. [bold added]

It is clear Wells Fargo is giving the required notice because it believe it is acting as a debt collector under the statute. (*See*, *U.S. v Matlock*, 415 US 164, 39 Led2d 242 (1974) Party opponent's declaration is admissible for any inference which trial court can reasonably draw from statement regarding any issues involved in case). FRE 801(d)(2)(A)-(D) this is an admission by a party-opponent, or person so authorized).

Finally, the FDCPA only excludes coverage of certain entities affiliated with the creditor.  Here, the creditor is not alleged to be Wells Fargo anywhere in the complaint.  In the case of mortgage servicers, few will be able to satisfy this statutory requirements for this exception, and Wells Fargo has failed to show how it satisfies these requirements

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**
*Brewer v Wells Fargo Bank, N.A..*                          *13-cv-00347 DMG (VBK)*

for purposes of a motion to dismiss. *See, e.g. Seriano v Wells Fargo Bank,* 2012 WL 1536065 (D. Hawaii Apr. 20, 2012) (denying motion for summary judgment where insufficient facts are available to show affiliate exception applied).

Second, Wells Fargo contends that as a servicer it cannot be held liable under the FDCPA. However, there are cases to the contrary. *See, Gburek v Litton Loan Servicing LP* (2010, CA7 Ill) 614 F3d 380. (Homeowner's mortgage was in default, and text of letters sent from mortgagor and company on mortgagor's behalf indicated that they were sent to induce her to settle her debt in order to avoid foreclosure; complaint sufficiently alleged that communications were sent in connection with attempt to collect debt and were subject to 15 USCS §§ 1692c, 1692e. *DeHart v US Bank, N.A.* 811 F Supp 2d 1038, ND (2011, DC NJ), (Claim by debtors against bank, law firm, and foreclosure management company for violating Fair Debt Collection Practices Act, 15 USCS §§ 1692 et seq., by allegedly charging debtors improper fees to reinstate or pay off debtors' delinquent mortgage was not dismissed because, (1) under least-sophisticated debtor standard, reasonable unsophisticated debtor could interpret letters from firm to debtors to state that if debtors were to attempt to reinstate or pay off mortgage on certain date, debtors would have been required to pay fees which bank, law firm, and company were prohibited from collecting or demanding at that time under state law, so this allegation was sufficient to state claim for violation of both 15 USCS §§ 1692e(2) and 1692f(1), and (2) debtors sufficiently alleged agency relationship between firm and bank.); *Turner v Lerner, Sampson & Rothfuss* 776 F Supp 2d 498 (2011, ND Ohio), (Mortgagee's motion to dismiss was denied in mortgagor's action that alleged that mortgagee filed foreclosure actions knowing that it did not have means of proving ownership of debt and that it knowingly executed misleading documents; if proven true, there was valid action under 15 USCS § 1692); *Maxwell v Fairbanks Capital Corp.* (In re Maxwell) 281 BR

8

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                    *13-cv-00347 DMG (VBK)*

101 (2002, BC DC Mass).(Mortgage servicer violated 15 USCS § 1692e(2)(A) because it demanded amounts of money from debtor that she did not owe; moreover, it violated 15 USCS § 1692f(1) by demanding post-maturity interest loan for which it did not have possession of note, and could not ascertain whether it was entitled to demand such interest; accordingly, it attempted to collect interest without express authorization of agreement creating debt in violation of 15 USCS § 1692f(1).)

Third, Wells Fargo contends that foreclosing is not a debt collection activity. However, the Brewers are not complaining about Wells Fargo nonjudicially foreclosing. The Brewers complaints in these causes of action are for collecting money falsely representing the character, amount, or legal status of the debt and collecting amounts that were incidental to principal and interest under the guise they were reinstating Brewers loan. (Compl ¶58-68)

By stating plaintiffs needed to "pay the delinquent amount in full of $25.00 by May 26, 2012" to Wells Fargo's San Antonio office in order to "resolve the delinquency," the pre-foreclosure reinstatement quote was a false representation or deceptive means to collect or attempt to collect a debt from the plaintiffs for servicing charges that did not include payments for principal or interest on the loan.  These statements were misrepresentations and deceptive on the grounds they led the plaintiffs to believe that if they made this payment, any and all defaults on their loan would be cured by using the term "reinstatement" in the title of the notice. The plaintiffs believed it meant the loan was in default by $25.00 in May 2012 and the loan would be reinstated if payment was received in the amount of $25.00.  The plaintiffs were shocked when defendant rejected plaintiff's mortgage payment check for $10,688.99 later in June 2012 for alleged failure to reinstate the loan on the grounds that Wells Fargo Home Mortgage had already promised to reinstate the loan for $25.00. (Compl ¶61-65)

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                              *13-cv-00347 DMG (VBK)*

The cause of action under 15 USC §1692f was just as adequate because it incorporated the preceding and added "Wells Fargo collected the above-alleged amount of $25.00 which was a late fee or other charge incidental to the principal obligation which was not expressly authorized by the agreement creating the debt or permitted by law." (Compl §72)

As such, this court can hold the defendant strictly liable for violation of federal FDCPA. National Consumer Law Center, Fair Debt Collection §5:2.3 (7th Ed. 2011).

**B. The Complaint Adequately Puts Defendant on Notice that Plaintiff Alleges Defendant Failed to Comply with the Perrata Act Cal Civ Code §2923.5**

Defendant contends that the plaintiff's third cause of action fails on the grounds that "California Civil Code § 2923.5 does not mandate contact." (MTD 11:2-3)

The complaint alleges that defendant failed to "initiate" and "explore" alternatives to foreclosure, meaning that they failed to "initiate" contact with the borrower in this case. (Compl ¶77)

As stated in the application for temporary restraining order, Cal Civ Code §2923.5 requires lenders to initiate and explore alternatives to foreclosure at least 30 days before recording a notice of default in order to initiate nonjudicial foreclosure proceedings in the State of California.

Mr. and Mrs. Brewer have claimed (as a private claim) that Wells Fargo failed to comply with Cal Civ Code §2923.5 because Wells Fargo did not comply with due diligence in exploring the alternatives of foreclosure with the Brewer family. (Compl ¶78-79)

In fact, Wells Fargo could not even come to its own consensus as to whether they were able to contact the Brewers.

Their notices were inconsistent as to whether the Brewers were in default or to what extent they were obligated to Wells Fargo. When the servicer executes a declaration

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                    *13-cv-00347 DMG (VBK)*

under penalty of perjury that it was not able to contact the borrower, the servicer cannot seriously contend it was duly diligent when it determined there was a default. The Brewers alleged they tried contacting their Single Point of Contact (SPOC) over one dozen times to no avail. (Compl ¶80-81) Yet, a person who was not the SPOC and had no personal knowledge of the servicing of the Brewer loan signed a declaration of compliance under Cal Civ Code § 2923.5. (Compl ¶24-29)

Cal Civ Code §2923.5 was enacted to enjoin sales of homes at foreclosure while an alternative to foreclosure is being processed.

Here, it is clear that Wells Fargo is considering the Brewer family's situation and requested them to fill out a loan modification application and send in income documentation as recently as February 7, 2013.

Effective January 1, 2013, the Brewer family is entitled to an injunction pursuant to California Civil Code §2924.12(a) which states in pertinent part:

> (a) (1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.5, 2923.7, 2924.11, or 2924.17.
>
>  (2) Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief. An enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied.

Plaintiff adequately alleged defendant has materially violated Section 2923.5 by failing to initiate and explore alternatives to foreclosure with the Brewer family as detailed above. There was no valid reason for rejecting Mr. Brewer's check of $10,689.99 and then refusing to return his dozen or so phone calls thereafter.

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                              *13-cv-00347 DMG (VBK)*

**C.** <u>**The Complaint Adequately Puts Defendant on Notice that Plaintiff Alleges Defendant Failed to Comply with SPOC Requirements of Cal Civ Code §2923.7**</u>

Defendant contends that Cal Civ Code §2923.7 does not apply on the grounds that Wells Fargo "established a single point of contact." (MTD 11:25)

Second defendant contends that this section was enacted on January 1, 2013 so it cannot be applied retroactively to actions that took place in the past (e.g. the failure to contact in 2012).

This is an issue of first impression as plaintiff does not know of any appellate court making a determination on this issue.

Plaintiff's position is that the use of Cal Civ Code §2923.7 in this case would not be considered a retroactive application of the law. The terms "retroactive" and "prospective," are not always easy to apply to a given <u>statute</u>.

Undoubtedly, the injunctive relief being sought here concerns the evaluation of defendant's prior conduct. However, changes to the law are not necessarily considered retroactive even if their application "involve[s] the evaluation of civil or criminal conduct occurring before enactment." (*Elsner v. Uveges*, 34 Cal. 4th 915, 936 (2004).)

A legal principle of significance to the present case - changes to rules governing *pending litigation*, for example, frequently have been designated as prospective, because they affect the future; that is, the future proceedings in a trial. The prospective label applies even though the trial concerns conduct that occurred prior to the enactment of the new law. (*Californians for Disability Rights v. Mervyn's, L.L.C.*, 39 Cal. 4th 223 (2006)).

SB 900 explicitly states the courts have power to enjoin any foreclosure sale until the financial institutions comply with their promise to review an applicant's loan

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**
*Brewer v Wells Fargo Bank, N.A..*                    *13-cv-00347 DMG (VBK)*

modification in a meaningful manner.

Like a change in statute of limitations, it is a statute outlining a remedy.  The Brewers have requested this remedy after January 1, 2013 when the statute came into effect so the statute should apply. It is irrelevant that it is based on past conduct that occurred or failed to occur prior to the enactment of the new law because the application of law in California is still considered prospective even though the underlying conduct that is the subject of the litigation occurred prior to the new enactment. (*Douglas Aircraft Co. v. Cranston*, 58 Cal. 2d 462, 465 (1962) (1962).)

As recently noted in *Jolley v. Chase Home Fin., L.L.C.*, 213 Cal. App. 4th 872 (2013), "these legislative measures [] demonstrate a rising trend to require lenders to deal reasonably with borrowers in default to try to effectuate a workable loan modification."  There would be no purpose in allowing lenders to continue to abuse homeowners on the grounds they failed to reasonably deal with the borrower reasonably prior to January 1, 2013.

Cal Civ Code §2923.7 states:

**(a)** …the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.  **(b)** The single point of contact shall be responsible for doing all of the following: **(3)** Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative. **(4)** Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any. **(e)** For purposes of this section, "single point of contact" means an individual or team of personnel each of whom has the ability and authority to perform the responsibilities described in subdivisions (b) to (d), inclusive. The mortgage servicer shall ensure that each member of the team is knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process.

Here, Wells Fargo assigned America Velasquez, however, as alleged the

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                              *13-cv-00347 DMG (VBK)*

borrower left a dozen messages and never received a return phone call much less any compliance as required by the statute. (Compl ¶88-91)  Chris Smith was not knowledgeable about the Brewer's situation.  Consequently, the cause of action should not be dismissed.

D. **Defendants Business Practices Were Either Unlawful, Unfair or Fraudulent As Alleged**

Demurrers and motions to dismiss are supposed to rarely defeat a Cal. Bus. & Prof. Code §17200 claim on the grounds that the complaint is supposed to be construed to uphold the action whenever possible. *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 741-42 (1980); *Sw. Marine, Inc. v. Triple a Mach. Shop, Inc.*, 720 F. Supp. 805, 808 (N.D. Cal. 1989).

California's unfair competition law prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." (Cal. Bus. & Prof. Code § 17200.) And under this law, a practice can be prohibited as unfair or deceptive even if not *unlawful*, and vice versa. (*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999).) For example, a plaintiff's allegations that a defendant used incomplete and misleading illustrations to sell universal life insurance policies may be actionable under the unfair competition law absent any claim that such conduct violated any regulation or statute. *Wilner v. Sunset Life Ins. Co.*, 78 Cal. App. 4th 952 (2000).

An *unlawful* business practice can be "anything that can properly be called a business practice and that at the same time is forbidden by law." (*Summit Tech., Inc. v. High-Line Med. Instruments Co.,* 933 F. Supp. 918 (C.D. Cal. 1966)

This prong of the unfair competition law allows a plaintiff to enforce a broad array of state and federal statutes, including consumer-protection statutes (*Walker v.*

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**
*Brewer v Wells Fargo Bank, N.A..*                                   *13-cv-00347 DMG (VBK)*

*Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158 (2002) (Cal. Civ. Code § 2954.4); antidiscrimination statutes (*Reese v. Wal-Mart Stores, Inc.,* 73 Cal. App. 4th 1225 (1999), (Unruh Civil Rights Act, Cal. Civ. Code §§ 51-51.4)); criminal statutes (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,* 17 Cal. 4th 553 (1998), (Cal. Penal Code § 308); and environmental statutes (*Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499 (1997), (Cal. Pub. Res. Code § 4511).)

"California appellate courts disagree on how to define an 'unfair' act or practice in the context of a [Section 17200] consumer action." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204–05 (9th Cir. 2010); *see also Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007) ("In the absence of further clarification by the California Supreme Court, we endorse the district court's approach to the law as if it still contained a balancing test.").

This court should find that Plaintiff's allegations regarding Defendants' practices satisfied both the "section 5 test" and the alternative test used by California courts.

First, under the three-pronged section 5 test, a plaintiff must allege: (1) a substantial consumer injury; (2) that the injury outweighs any countervailing benefits to consumers or competition; and (3) that the injury could not reasonably have been avoided. *Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006).

Here, plaintiff alleged he received and paid two reinstatement quotes as a result of Wells Fargo's advertised "reinstatement" notices but was not able to reinstate their loan and make their monthly mortgage payments. Losing a home to foreclosure outweighs any countervailing benefits to a consumer in making unnecessary payments. Finally, plaintiffs could not have reasonably avoided this injury. They alleged that they called their SPOC approximately one dozen times after their mortgage payment was rejected but they could never get ahold of her. There was nothing more they could have done.

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                    *13-cv-00347 DMG (VBK)*

Under an alternative test applied by California Courts, an "unfair" business practice occurs when the practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886-87 (1999).

At the motion to dismiss stage, the court should find that Plaintiffs' allegations sufficiently pleaded that Defendants' business practices were unfair under that standard.

The entire scheme was not only unfair, but a fraudulent business practice as "members of the public are likely to be deceived." *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (2000).

As to the "reinstatement" letters, an advertisements potentially deceptive effect is measured by the audience to which it is addressed. *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 214 (1983). Here, the audience were homeowners facing imminent foreclosure.  Deception is measured by the reasonable consumer standard. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008). "Advertising capable of being interpreted in a misleading way should be construed against the advertiser." *Resort Car Rental Sys., Inc. v. FTC*, 518 F.2d 962, 964 (9th Cir.), *cert. denied*, 423 U.S. 827 (1975).

The reinstatement letters represented that payment of small amount such as $25.00 or $439.62 would "reinstate" the Brewer loan.  The Brewers paid the money but their loan was not reinstated. The letter was an attempt to collect charges that were ancillary to the obligation of principal and interest, and on those grounds it was unlawful under the FDCPA and also unfair under the UCL.

It was unnecessary for plaintiff to enter into the transaction of reinstating his loan by making a payment of $25.00 when that payment in fact, did not allow him to cure his

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                    *13-cv-00347 DMG (VBK)*

loan and make future monthly mortgage payments on his loan as alleged in the complaint.  As a proximate result of defendants' conduct, plaintiff was injured financially and/or to his property rights and the claims based on this business practice/act should stand. (Compl ¶98c-g)

Second, even if Cal Civ Code §2923.7 was not enacted until January 1, 2013, the court can consider the conduct, unfair and fraudulent, even if not unlawful as alleged in paragraph 98a.

Third, a violation of Cal Civ Code §2923.5 can fit under the unlawful, unfair and fraudulent prong of the UCL as alleged in paragraph 98b.

### 1. __Plaintiff has Adequately Alleged Injury In Fact__

Defendant contends there is no injury-in-fact.  Adequate injury-in-fact to have standing to bring this claim was outlined in *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) where the California Supreme Court reaffirmed "economic injury from unfair competition may be shown: A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." *Id.* at 323.

Here, the defendant is depriving the plaintiff of property to which plaintiff has a cognizable claim – the home located at 2215 Bayview Drive in Manhattan Beach, California.

It was also unnecessary to enter into the transaction of reinstating his loan by making a payment of $25.00 when that payment in fact, did not allow him to cure his loan and make future monthly mortgage payments on his loan.

Consequently, the plaintiff meets the *Kwickset* injury-in-fact test for standing

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                                        *13-cv-00347 DMG (VBK)*

under both the third and fourth prong and the claim should not be dismissed for failure to adequately plead standing. *See Johnson v. Gen. Mills, Inc.*, 275 F.R.D. 282, 286 (C.D. Cal. 2011). *See also Boschma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230, 254 (2011). *See, Chasnik v Bank of America Home Loans Servicing LP*, No. CV 11-01324 DMG (JCGx) (CD Cal 7/20/11) (FRCP Rule 8 allows pleading in the alternative.)

The UCL Claim should not be dismissed.

## 2. **The UCL does Not Require Tender**

The UCL does not require tender. There is no binding authority cited by defendant to support this position, so it should be disregarded as a basis to dismiss the UCL claim.

Second, there is no concluded foreclosure sale. Defendant cites to cases dealing with post foreclosure facts where the party is asking the court to set aside the foreclosure and wipe away the lien on the property in favor of the plaintiff. The facts pled in this case are inapposite.  Here, we have a pre-foreclosure scenario where the borrowers are not asking the court to wipe away the lien on the property, but to stop the foreclosure sale on the grounds that the defendants were not complying with the law. Such allegations have never required tender. (See, 2923.5, 2923.11, *Mabry v Superior Court,* 185 CalApp4th 208 (2010) (no need to tender if there is a violation of Cal Civ Code §2923.5);   *Jolley v Chase Home Finance* (2013) 213 Cal App 4th 872 (tender not required when acts were unfair), . *Lona v. Citibank, N.A.*, (2011) 202 Cal. App. 4th 89, 109 *(no tender when unconscionable contract);  Dimock v. Emerald Properties* (2000) 81 Cal.App.4th 868) (no need to tender when there is fraud or the trustee's deed is void); *Tamburri v Suntrust Mortgage*, Case No. c-11-2899-EMC, at pg 6 (ND Cal 12/15/11) (tender not required when inequitable to do so or no sale has taken place).

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*                    *13-cv-00347 DMG (VBK)*

### E. **Leave To Amend**

If the court should grant any of defendants' requests, then plaintiffs request leave to amend. Fed.R.Civ.P. 15(a). This policy is applied with "extraordinary liberality." *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). These violations can be adequately pled and do justify the denial of a motion to dismiss. *Squires v BAC Home Loans Servicing,* No. CV 11-0413-WS-M (SD Ala 11/29/11).

### IV.   CONCLUSION

For the reasons stated herein, the Court should deny the motion, if it should grant, it should be granted with leave to amend.

Dated:  March 12, 2013            Respectfully Submitted,
                                  LAW OFFICES OF LENORE ALBERT
                                  /s/ Lenore Albert_____
                                  LENORE L. ALBERT, ESQ.
                                  Attorney for Plaintiffs Robert Brewer and Deborah Brewer

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*Brewer v Wells Fargo Bank, N.A..*            *13-cv-00347 DMG (VBK)*

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 7755 Center Avenue Suite #1100,Huntington Beach, CA  92647.
On March 12, 2013, I served a copy of the following document(s) described as:

**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

On the interested parties in this action as follows:
Attorneys for Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")
O. Andrew Wheaton (# 151811)
awheaton@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764
**[X] BY CM/ECF** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth pursuant to FRCP 5(d)(1).
**[] BY EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.
**[] BY FAX** – I caused such document(s) to be transmitted facsimile from the offices located in Westminster, California this business day to the aforementioned recipients.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: March 12, 2013

/s/ Lenore Albert
Lenore Albert

1
**MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**
*Brewer v Wells Fargo Bank, N.A..*                              *13-cv-00347 DMG (VBK)*