UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-00347 DMG (VBKx)** | Date | March 25, 2013 |
|---|---|---|---|

| Title | *Robert Brewer, et al. v. Wells Fargo Bank N.A., et al.* | Page | 1 of 8 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. # 6]**

On January 17, 2013, Plaintiffs, Robert and Deborah Brewer, filed a Verified Complaint against Defendants, Wells Fargo Bank NA and Does 1-10, alleging the following causes of action:  (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e; (2) violation of the FDCPA, 15 U.S.C. § 1692f; (3) violation of Cal. Civ. Code § 2923.7; (4) violation of Cal. Civ. Code § 2923.7; and (5) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* [Doc. # 1.]   After initially granting a Temporary Restraining Order ("TRO") on February 8, 2013, the Court denied Plaintiffs' request for a preliminary injunction on March 15, 2013.  [Doc. # 41.]

On February 7, 2013, Defendant Wells Fargo filed a motion to dismiss and motion to strike portions of the Complaint, set for argument on March 29, 2013.[1]   The Court finds these motions suitable for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons discussed below, Wells Fargo's motion to dismiss is hereby **GRANTED**.  The motion to strike is **DENIED** as moot.

I.
FACTUAL BACKGROUND

Plaintiffs purchased a single-family home in Manhattan Beach, California ("the subject property") in 2007.  (Compl. ¶ 12.)  In connection with the purchase, they obtained a loan, secured by the subject property, from World Savings Bank, FSB, dated August 20, 2007. (Defendant's Request for Judicial Notice ("Def. RJN"), Ex. A [Doc. # 8].)[2]  World Savings Bank

---

[1] Plaintiffs' opposition to the motions was due on March 11, 2013, and yet it was not filed until the following day.  The Court has considered Plaintiffs' opposition to the present motions, but Plaintiffs are cautioned to comply with the filing deadlines set forth in L.R. 7 for all future motions.

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-00347 DMG (VBKx)** | Date | March 25, 2013 |
| Title | *Robert Brewer, et al. v. Wells Fargo Bank N.A., et al.* | Page | 2 of 8 |

later changed its name to Wachovia Mortgage, FSB, and on November 1, 2009, Wachovia merged into Wells Fargo Bank N.A. (Def. RJN, Exs. C, E.)

In May and June 2012, Plaintiffs received two documents entitled "Pre-foreclosure Reinstatement Quote" informing them of the commencement of foreclosure action on the subject property due to Plaintiffs' failure to make timely payments. (Compl. ¶¶ 14-16.) Plaintiffs remitted payment in the amount of $25.00 for each respective notice. (*Id.* ¶¶ 15-17.) A third notice, sent on June 15, 2012, informed Plaintiffs that they owed an additional amount of $439.62. (*Id.* ¶ 17.) Plaintiffs again paid the amount requested by the notice. (*Id.*)

The Complaint describes in detail Plaintiffs' unsuccessful efforts to contact Wells Fargo over the next six months and Wells Fargo's alleged false statements and misrepresentations which Plaintiffs claim prevented them from clarifying and complying with their mortgage obligations. (Compl. ¶¶ 15-29.) Specifically, Wells Fargo assigned Plaintiffs a "single point of contact" named America Velasquez, but she never responded to Plaintiffs' telephone calls seeking clarification of their mortgage obligations. (*Id.* ¶ 29.) On September 14, 2012, Cal-Western Reconveyance Corp. caused to be recorded a notice of default in Los Angeles County regarding the subject property. (Def. RJN, Ex. F.) The notice of default contained a declaration, signed by Christopher Smith, stating that Wells Fargo had "tried with due diligence but was unable to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5." (*Id.*) On December 19, 2012, a notice of trustee's sale regarding the subject property was recorded. (*Id.*, Ex. G.)

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P.

---

accuracy cannot reasonably be questioned." The Court finds that the documents—public records of the subject property, pending foreclosure, and Defendant's corporate structure—are subject to judicial notice under Rule 201. Plaintiff filed several objections to Defendant's separate RJN in conjunction with the motion to dismiss [Doc. # 32]. Plaintiff argues that the deed of trust and notice of default are not subject to judicial notice. The Court disagrees, because these are public documents not subject to reasonable dispute and a central basis for the Complaint. *See Pantoja v. Countrywide Home Loans Inc.*, 640 F. Supp. 2d 1177, 1189 n.12 (N.D. Cal. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-00347 DMG (VBKx)** | Date | March 25, 2013 |
| Title | ***Robert Brewer, et al. v. Wells Fargo Bank N.A., et al.*** | Page | 3 of 8 |

12(b)(6).  A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("Rule 8 . . . does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal citation omitted).

When deciding on a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true.  *Twombly*, 550 U.S. at 555.  But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  To survive a Rule 12(b)(6) motion to dismiss, factual allegations that are taken as true must "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 547.

### III.
### DISCUSSION

**A.     The Tender Rule Does Not Apply**

As a threshold matter, Wells Fargo asserts that Plaintiffs may not seek injunctive relief because they failed to plead their ability to tender the full amount of the debt owed under the deed of trust.  California courts apply the tender rule to actions seeking to set aside a defective sale because, in that case, "there is no way that a foreclosure sale can be avoided absent payment of *all* the indebtedness."  *Mabry v. Superior Ct.*, 185 Cal. App. 4th 208, 225, 110 Cal. Rptr. 3d 201 (2010).  The same does not apply, however, where plaintiffs seek to prevent or delay a pending sale.  *See, e.g.*, *Robinson v. Bank of America*, No. CV 12-00494, 2012 WL 1932842 at *3 (N.D. Cal. May 29, 2012) (finding that tender rule does not apply to alleged violations of Section 2923.5 where the subject property has yet to be sold because that section is designed to create a limited right to be contacted regarding *alternatives* to full payment) (citing *Mabry*). Accordingly, based on the claims presently alleged in the Complaint, Plaintiffs are not required to allege their ability to tender full payment.

**B.     Claims Under the Fair Debt Collection Practices Act**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-00347 DMG (VBKx)** | Date | March 25, 2013 |
| Title | ***Robert Brewer, et al. v. Wells Fargo Bank N.A., et al.*** | Page | 4 of 8 |

The FDCPA applies only to "debt collectors" as defined under the statute. *See* 15 U.S.C. § 1692a(6). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* The term does not include creditors and their fiduciaries. *See* 15 U.S.C. §§ 1692a(4), (6); *Mansour v. Cal. Western Reconveyance Corp.,* 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). The term "creditor," then, is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed," but it does not include "any person to the extent that he *receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.*" 15 U.S.C. § 1692a(4) (emphasis added).

Although the Ninth Circuit has not specifically addressed the question, other circuits and several district courts have concluded that mortgagees and their assignees, servicing companies, and trustees are generally not included in the definition of "debt collector." *Mansour*, 618 F. Supp. 2d at 1182; *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (finding that a mortgage crediting company and assignee of the debt were not "debt collectors" where "the debt was not in default at the time it was assigned"); *Bailey v. Security Nat. Serv. Corp.*, 154 F.3d 384, 388 (7th Cir. 1998) (mortgage service providers were not "debt collectors" where the debt was not in arrears when assigned). In *Schlegel v. Wells Fargo Bank, N.A.*, the court concluded that the assignee of a mortgage debt is not a "debt collector" absent "some showing that the debt was received for the purpose of facilitating its collection for another." 799 F. Supp. 2d 1100, 1104 (N.D. Cal. 2011) (citing *Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1203 (D. Or. 2002)). These cases all read the terms "debt collector" and "creditor" in harmony, such that a person is beyond the definition of "creditor" where, having obtained a debt in default solely for collection purposes, he is instead a "debt collector."

This Court also finds that a plain, logical reading of Section 1692a dictates that a mortgage service provider is beyond the scope of "debt collector" unless it received an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. *See* 15 U.S.C. §§ 1692a(4), (6). Here, Plaintiffs took out a loan secured by the subject property from World Savings Bank, which later merged into Defendant Wells Fargo Bank, N.A. on November 1, 2009. (*See* Def. RJN, Exs. B, O.) The merger did not result in an assignment of Plaintiff's loan. Wells Fargo, the surviving corporation, succeeded to the rights and liabilities of WSB and Wachovia, including Plaintiffs' loan. Even assuming that the merger did result in an assignment of Plaintiffs' debt, the record does not reflect that the debt was received "solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Rather, Defendant's attempts to collect the debt and its eventual initiation of non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-00347 DMG (VBKx)** | Date | March 25, 2013 |
|---|---|---|---|
| Title | ***Robert Brewer, et al. v. Wells Fargo Bank N.A., et al.*** | Page | 5 of 8 |

judicial foreclosure proceedings were consistent with its role as a mortgage service provider. *See Mansour*, 618 F. Supp. 2d at 1182. Accordingly, Plaintiffs' claims under the FDCPA are **DISMISSED** without leave to amend.

C.   Claim Under California Civil Code § 2923.7

Plaintiffs next claim that Defendant violated Cal. Civ. Code § 2923.7 by failing to assign an adequate "single point of contact that had enough time to directly communicate with plaintiffs and provide them with" statutorily required information and services. (Compl. ¶ 86.) Plaintiffs' claim is based on their failed attempts to contact America Velasquez, their single point of contact throughout 2012. (*See id.* ¶ 29.)

Section 2923.7 is part of the newly enacted California "Homeowner Bill of Rights" ("HBOR"), S.B. 900, which took effect on January 1, 2013. Defendant argues Section 2923.7 does not apply retroactively and therefore the claim must fail because it relies on events that took place prior to 2013. In California, "[n]ew statutes are presumed to operate only prospectively absent some clear indication that the Legislature intended otherwise." *Elsner v. Uveges*, 34 Cal. 4th 915, 936, 22 Cal. Rptr. 3d 530 (2004) (citing *Tapia v. Superior Court*, 53 Cal.3d 282, 287, 279 Cal. Rptr. 592 (1991)). "A statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application . . . . But a statute that is ambiguous with respect to retroactive application is construed . . . to be unambiguously prospective." *Myers v. Philip Morris Companies, Inc.*, 28 Cal. 4th 828, 841, 123 Cal. Rptr. 2d 40 (2002) (internal quotation marks omitted).

The Court can find no evidence to suggest that the Legislature intended the HBOR, including Section 2923.7, to apply retroactively, and Plaintiffs point to none. Instead, Plaintiffs argue that, under *Elsner*, the law should apply retroactively because it affects the *remedy* they seek in the future. In *Elsner*, the court considered whether an amendment to the Cal-OSHA provisions governing the standard of care and burden of proof could be applied to a pre-amendment incident in post-amendment litigation. 34 Cal. 4th at 936. The court explained that retroactivity depends on "the effect of a law on a party's rights and liabilities," and a law that "change[s] the legal consequences of past conduct by imposing new or different liabilities based upon such conduct" should not apply retroactively absent express legislative intent. *Id.* at 937. Such is the case here. Prior to January 1, 2013, Wells Fargo was under no legal obligation to provide a single point of contact. That obligation did not arise until enactment of the HBOR.[3]

---

[3] Although Plaintiffs do not explicitly address Defendant's compliance with Section 2923.7 after January 1, 2013, the record shows that Defendant did assign Plaintiffs a single point of contact on January 9, 2013. (Decl. of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-00347 DMG (VBKx) | Date | March 25, 2013 |
| Title | *Robert Brewer, et al. v. Wells Fargo Bank N.A., et al.* | Page | 6 of 8 |

Accordingly, absent any evidence of a legislative intent to apply the statute retroactively, the Court declines to apply Section 2923.7 to Defendant's conduct prior to January 1, 2013. Plaintiffs' Fourth Cause of Action is **DISMISSED** with leave to amend.

**D.      Claim Under California Civil Code § 2923.5 (2012)[4]**

Plaintiffs next argue that Defendant violated Cal. Civ. Code § 2923.5 by failing to inform Plaintiffs of alternatives to foreclosure prior to initiating nonjudicial foreclosure proceedings under Section 2924. (Compl. ¶¶ 74-83.) As discussed in the Court's order denying Plaintiffs' request for a preliminary injunction, it appears that the subject property is not "owner-occupied" and thus is not governed by Section 2923.5. *See* Cal. Civ. Code § 2924.15(a) (explaining that Section 2923.5 applies "only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units"); Def. RJN in Opp'n to Preliminary Injunction, Ex. C [Doc. # 24].

Even without considering that evidence, however, Plaintiffs' claim under Section 2923.5 fails because it is belied by the notice of default itself. (*See* Def. RJN, Ex. F.) Attached to the notice of default is a declaration of compliance with Section 2923.5, signed by Christopher Smith on July 16, 2012, which states that Wells Fargo satisfied the due diligence requirements of Section 2923.5(g). (Def. RJN, Ex. F.) Plaintiffs allege that the Smith declaration is inaccurate because "Wells Fargo Home Mortgage had Mr. Brewer's correct phone number and had called him from time to time in order to verify his information." (Compl. ¶ 26.) They further allege that they were "never given Christopher Smith's phone number" and that "Christopher Smith was not [their] assigned point of contact." (*Id.* ¶ 27.)

As discussed above, no "single point of contact" requirement existed in 2012. *See* Cal. Civ. Code § 2923.7 (2013). Moreover, California courts have never required that the declaration be signed by the individual who actually carried out the beneficiary's due diligence obligations. *See Mabry*, 185 Cal. App. 4th at 233 (noting that "[t]he way section 2923.5 is set up, too many people are necessarily involved in the process for any one person to likely be in the position where he or she could swear that all three requirements of the declaration . . . were met"). In short, the fact that Christopher Smith, rather than America Velasquez, signed the declaration is

---

Robert Brewer ¶ 43.) Plaintiffs are free to allege additional facts regarding Defendant's conduct after January 1, 2013 that would give rise to a claim under this section.

[4] For the reasons discussed above, the Court applies this statute as it existed prior to January 1, 2013. On March 13, 2013, Plaintiffs filed a Notice of Errata informing that Court that all references to Cal. Civ. Code § 2923.5 in their moving papers "should actually read Cal Civil Code § 2923.55 after January 1, 2013" because Defendant services over 175 loans. [Doc. # 35.] Again, because the HBOR does not apply retroactively, this errata does not change the Court's analysis as to events that took place prior to January 1, 2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-00347 DMG (VBKx)** | Date | March 25, 2013 |
|---|---|---|---|

| Title | *Robert Brewer, et al. v. Wells Fargo Bank N.A., et al.* | Page | 7 of 8 |
|---|---|---|---|

irrelevant, and Plaintiffs were not entitled to Christopher Smith's contact information merely because he signed the declaration.

Moreover, to state a claim under Section 2923.5 a plaintiff must allege that the required contact "either did not occur or was deficient." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009). The Complaint does not allege that Wells Fargo failed to contact Plaintiffs to discuss alternatives to foreclosure prior to the signing of the declaration of compliance. Rather, Plaintiffs' failed attempts to contact America Velasquez took place largely after July 2012, and the Complaint is silent as to their contacts with Wells Fargo prior to that date aside from payment requests. (Compl. ¶ 29.) The Complaint fails to state that Wells Fargo made insufficient or deficient contact with Plaintiffs prior to July 2012, and it therefore fails to allege that Wells Fargo violated Section 2923.5 when it recorded the notice of default. *See Pantoja*, 640 F. Supp. 2d at 1186; *see also Kamp v. Aurora Loan Servs.*, No. SACV 09-00844, 2009 WL 3177636 at *2 (C.D. Cal. Oct. 1, 2009) (conclusory allegations in complaint were insufficient to contradict notice of default); *Juarez v. Wells Fargo Bank, N.A.*, No. CV 09-03104, 2009 WL 3806325 at *2 (C.D. Cal. Nov. 11, 2009) (rejecting plaintiff's claim under Section 2923.5 in light of declaration attached to notice of default). Accordingly, Plaintiffs' claim under Section 2923.5 is **DISMISSED** with leave to amend.

**E.     Claim Under Cal. Bus. & Prof. Code § 17200** *et seq.*

Plaintiffs also seek relief under the UCL, Cal. Bus. & Prof. Code § 17200 *et seq*. The UCL prohibits "unfair competition," which includes "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the . . . prongs." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012) (citing *Lozano v. AT&T Wireless Servs., Inc.,* 504 F.3d 718, 731 (9th Cir.2007)).

To the extent the Complaint fails to state claims for relief under the FDCPA and Cal. Civ. Code §§ 2923.5 and 2923.7, it also fails to state a claim under the "unlawful" prong of the UCL. The Complaint also summarily alleges that Wells Fargo's conduct violates the "unfair" and "fraudulent" prongs of the UCL, but it fails to state the basis for these claims independent of the other grounds for relief. (*See* Compl. ¶¶ 99-100.) These conclusory allegations are insufficient to state a claim under the UCL. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (claims "sounding in fraud" under the UCL must satisfy the heightened pleading requirement of Fed. R. Civ. P. 9(b)); *In re Sony Grant Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1091 (S.D. Cal. 2010) (to state a claim under the "unfair" prong, plaintiff must allege facts showing that the consumer injury is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 13-00347 DMG (VBKx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | *Robert Brewer, et al. v. Wells Fargo Bank N.A., et al.* | Page | 8 of 8 |

substantial, not outweighed by any countervailing consumer benefits, and could not have been reasonably avoided). Accordingly, Plaintiff's claim under the UCL is **DISMISSED** with leave to amend.

## IV. CONCLUSION

In light of the foregoing, the motion to dismiss is **GRANTED** as follows:

(1) Plaintiffs' First and Second Causes of Action under the FDCPA are **DISMISSED** without leave to amend;

(2) Plaintiffs' Third Cause of Action under Cal. Civ. Code § 2923.5 is **DISMISSED** with leave to amend;

(3) Plaintiffs' Fourth Cause of Action under Cal. Civ. Code § 2923.7 is **DISMISSED** with leave to amend;

(4) Plaintiffs' Fifth Cause of Action under the UCL is **DISMISSED** with leave to amend;

(5) Plaintiffs may file an amended complaint by no later than 15 days from the date of this order. **Failure to timely file an amended complaint may result in the dismissal of the action;**

(6) Defendants shall have 15 days after service of an amended complaint within which to file a responsive pleading;

Defendant's motion to strike is **DENIED** as moot, and the March 29, 2013 hearing is **VACATED.**

**IT IS SO ORDERED.**