JS-6

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 13-00347 DMG (VBKx) | Date | March 27, 2013 |
|---|---|---|---|

| Title | *Robert Brewer, et al. v. Wells Fargo Bank N.A., et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER DENYING PLAINTIFFS' SECOND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [DOC. # 43]**

On January 17, 2013, Plaintiffs, Robert and Deborah Brewer, filed a Complaint against Defendants, Wells Fargo Bank NA and Does 1-10, alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, certain sections of the California Civil Code, and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* On March 25, 2013, the Court granted Defendant Wells Fargo's motion to dismiss [Doc. # 42]. Specifically, the Court dismissed Plaintiffs' claims under the FDCPA *without leave to amend* and their state law claims with leave to amend.  At that time, Plaintiffs had invoked diversity of citizenship as the basis for the Court's subject matter jurisdiction.

At approximately 3:30 p.m. on March 26, 2013, Plaintiffs filed a second *ex parte* application for temporary restraining order ("TRO"), seeking to enjoin the sale of their property in Manhattan Beach, California (the "subject property"), which is set to take place at 9:00 a.m. on March 27, 2013.  [Doc. # 43.]  Plaintiffs also manually filed a First Amended Complaint ("FAC"), which the Court did not receive until 5:47 p.m.  The FAC alleges claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Cal. Civ. Code § 2923.5, the UCL, and for common law negligence.

Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiffs may amend their complaint once as a matter of course within 21 days after service, or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Plaintiffs served the original complaint on Defendants on January 28, 2013 and Defendants filed motions to dismiss and strike on February 7, 2013.  Plaintiffs' opportunity to file an amended complaint as a matter of course expired on February 28, 2013, 21 days after service of the motions to dismiss and strike.  Fed. R. Civ. P. 15(a)(1)(B).  The Court's order of March 25, 2013 granted Plaintiffs limited leave to amend *the state law claims* alleged in their complaint *only*; it did not grant them leave to file entirely new claims.  Because Plaintiffs did not seek leave to file the new RICO claims, these claims are improper and are dismissed as having been improperly asserted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-00347 DMG (VBKx)** | Date | March 27, 2013 |
|---|---|---|---|
| Title | ***Robert Brewer, et al. v. Wells Fargo Bank N.A., et al.*** | Page | 2 of 2 |

*See* Fed. R. Civ. P. 15(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (district court did not abuse its discretion in denying leave to amend to add new RICO claims that were untimely and would have created a "radical shift" in the direction of the case).

Because the FAC pleads no viable federal claims, Plaintiffs' FAC asserts only state law claims. Diversity jurisdiction under 28 U.S.C. § 1332(a) "requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)). The FAC alleges that Defendant is a citizen of California. (FAC ¶ 6.) Indeed, this Court has found that Wells Fargo is a California citizen for diversity purposes. *See, e.g.*, *Rouse v. Wachovia Mortgage, FSB*, No. CV 11-00928 DMG (DTBx), 2012 WL 174206, 2012 U.S. Dist. LEXIS 6962 (C.D. Cal. Jan. 13, 2012).

Although the original complaint, *verified* under penalty of perjury, alleged that Plaintiffs are citizens of Arizona, the verified FAC now states, "Plaintiffs are residents of California where the wife is temporarily living in Arizona until the pending foreclosure in the Manhattan Beach home is stopped." (FAC ¶ 5.) Based on the sworn affidavit in support of the present application, Plaintiffs now appear to be citizens of California. (*See* Decl. of Robert Brewer ¶ 1 ("My wife and I have continually and principally resided at [the subject property] from September 2007 to the present."); ¶ 6 ("I have continued to spend at least half of my time residing in the [subject property]."); ¶ 8 ("I have a California driver's license"); ¶ 10 ("I voted in California in the November 2012 elections.").) Given the utter absence of any such claims of continuous California residence in any of Plaintiffs' previous *verified* filings, Plaintiffs and their counsel appear to be playing fast and loose with facts that are central to this Court's jurisdiction. Based on the allegations on the face of the verified FAC and Plaintiffs' most recent declaration, the Court finds that Plaintiffs are citizens of California. Accordingly, complete diversity does not exist among the parties, and the Court lacks jurisdiction to decide the instant *ex parte* application.

In light of the foregoing, the action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**